IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DAVID W. PARVIN                                                                    PETITIONER

V.                                                              NO. 1:18-CV-00151-GHD-JMV

STATE OF MISSISSIPPI                                                              RESPONDENT

## MEMORANDUM OPINION AND ORDER

This habeas corpus petition is before the Court for consideration of the Report and Recommendation issued by United States Magistrate Judge Jane M. Virden. Doc. #39.

### Factual and Procedural Background

On the morning of October 15, 2007, Petitioner David W. Parvin called 911 to report that he accidentally shot his wife, Joyce Parvin. *See Parvin v. State*, 216 So.3d 863, 867 (Miss. Ct. App. 2016). When law enforcement officials arrived at the scene, Joyce was deceased. *Id.* Parvin alleged that he had rushed out of the house with a loaded shotgun to shoot a beaver and, " in his haste, he tripped, and during his fall, the gun discharged, shooting his wife, who was seated at their home computer. . . ." *Id.*

Parvin's first trial, during which he was represented by Tim Ervin, resulted in a jury finding him guilty of murder in violation of Miss. Code § 97-3-19(1)(a). Doc. #16-1 at 89. On June 21, 2013, the Mississippi Supreme Court reversed and vacated the guilty verdict, but did not acquit, and remanded to the Circuit Court of Monroe County for a new trial. Doc. #16-1 at 126.

On March 3, 2014, Parvin's case was called for second trial, during which he was represented by Jimmy Robertson, Jim Waide, and Rachel Waide. Doc. #16-7 at 30-32. On March 10, 2014, a jury again found Parvin guilty of murder, and the trial court sentenced him to a term of life imprisonment. *Id.*

The Mississippi Court of Appeals affirmed Parvin's conviction and sentence by written opinion on February 23, 2016. *See Parvin v. State*, 212 So.3d 863 (Miss. Ct. App. 2016), *reh'g denied*, October 25, 2016, *cert. denied*, March 9, 2017 (Cause No. 2014-KA-00466-COA); Doc. # 16-17 at 4. Parvin subsequently filed a petition for a writ of certiorari which the Mississippi Supreme Court denied on March 9, 2017. Doc. #16-16, at 23, 41-57. Parvin then, on June 6, 2017, filed a petition for a writ of certiorari with the United States Supreme Court which was eventually denied on October 2, 2017. Doc. #16-16 at 2, 21.

In the interim, Parvin, proceeding *pro se*, filed a petition in the Mississippi Supreme Court seeking post-conviction relief, arguing ineffective assistance of counsel in both trials. Doc. #16-16 at 3-20. The Mississippi Supreme Court denied Parvin's petition on November 8, 2017, specifically finding that he had failed to make the requisite showing under *Strickland*. Doc. #15-2; *see Strickland v. Washington*, 466 U.S. 668 (1984).

### The Instant Petition

On or about August 3, 2018, Parvin filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 state court conviction for murder. Doc. #1. In his petition, Parvin asserts errors falling into two categories: (1) that trial counsel, Tim Ervin, provided ineffective assistance of counsel during Parvin's first trial; and (2) that trial counsel, Jim Waide and Jimmy Robertson, provided ineffective assistance of counsel during Parvin's second trial. *Id.*

On August 20, 2018, Judge Virden ordered Respondent, the State of Mississippi, to respond to Parvin's petition. Doc. #5. Respondent subsequently filed a response to the petition, along with the state court record, on January 18, 2019. Doc. #s 15, 16. Parvin filed a reply in support of his petition on February 23, 2019. Doc. #28.

## Report and Recommendation and Objections

On November 20, 2019, Judge Virden entered a Report and Recommendation ("R&R") recommending that Parvin's habeas petition be dismissed with prejudice. Doc. #39 at 23. Within the R&R, Judge Virden rejected Parvin's first claim of error, finding that he was not entitled to relief for any alleged ineffective assistance of counsel during his first trial as he was no longer under the judgment of that conviction because it had been reversed. *Id.* at 8.

Judge Virden additionally rejected Parvin's second claim of error—ineffective assistance of counsel during his second trial. *Id.* at 8-23. In challenging the performance of his counsel during his second trial, Parvin listed many grievances related to the witnesses called, or not called, at trial, as well as evidence presented at trial and that which was not. *Id., See also* Doc. #1. Judge Virden determined that Parvin's arguments were either contrary to, or unsupported by, the record, or were otherwise the result of trial counsel's reasonable defense strategy. *Id.* Judge Virden additionally found Parvin's allegation concerning an alleged conspiracy among trial counsel to have him unlawfully convicted so that they could steal from his wife's estate to be wholly unsupported by the record. *Id.*

Parvin filed objections to the R&R on or about December 6, 2019. Doc. #44. On December 13, 2019, Respondent filed a Notice of its "intent not to file [a] formal response to Objections to Report and Recommendation." Doc. #46.

## Analysis

Where objections to a report and recommendation have been filed, a court must conduct a "*de novo* review of those portions of the . . . report and recommendation to which the Defendants raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of

3

the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F. Supp. 2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)) (internal citations omitted).

Parvin does not object to any specific portions of Judge Virden's R&R. Instead, he repeats arguments from the instant habeas petition. First, Parvin again contends that trial counsel conspired to keep him incarcerated so that he could not prove their alleged theft from his deceased wife's estate.[1] Parvin, however, offers no evidence whatsoever to support such allegations.

Parvin additionally argues that, despite his desire to testify at his second trial, counsel failed to call him, rendering ineffective assistance of counsel. Despite this contention, the record reflects that, when the trial judge asked Parvin whether he wanted to testify, Parvin stated that he did not. Doc. #16-13 at 87. Parvin now claims that he did not tell the judge that he did not want to testify and that the trial transcript must have been altered. Parvin's allegation, however, is wholly unsupported. Upon review of the record, it is clear that counsel made the strategic decision not to call Parvin to the stand in his own defense. Such a strategic decision cannot support a finding that counsel's performance was deficient. *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *see also Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).

In sum, the Court finds that Parvin's objections are without merit and they are overruled. The Court has reviewed the remaining claims to which no objection was lodged and has found no plain error.

---

[1] The majority of Parvin's objections consists of his opining as to how much money he believes should be in various accounts of his wife's estate, but is devoid of any substantive basis for such beliefs.

4

## Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

## Conclusion

For the reasons above, the Report and Recommendation [39] is **ADOPTED** as the order of this Court. Accordingly, Parvin's habeas petition [1] is **DISMISSED with prejudice**. A certificate of appealability is **DENIED**. A final judgment consistent with this opinion will issue separately.

**SO ORDERED**, this the 16th day of January, 2020.

UNITED STATES DISTRICT JUDGE